UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL FEDERAL CREDIT, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-00801 |
| | § | |
| CONSTRUCTION CANS, INC., | § | |
| LYONS HOE EXCAVATING, INC., | § | |
| EDWARD L. LYONS, | § | |
| DEANNA R. LYONS, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Financial Federal Credit, Inc.'s motion for substituted service of process. *See* Dkt. 10. Because plaintiff has requested to serve defendants via certified mail, return receipt requested, a method allowed under Texas Rule of Civil Procedure 106(a)(2) without leave of court, the motion is DENIED as MOOT as it relates to that request. Plaintiff's requests to serve defendants by posting notice at the residence or via first-class mail is DENIED because the required affidavit attached to the motion is insufficient.

### I. BACKGROUND

According to plaintiff, a process server has unsuccessfully attempted to serve defendants on ten separate occasions, at three different locations. *Id.* Plaintiff now moves the court to allow service of process through alternative means under Texas Rule of Civil Procedure 106(b)(2). *Id.* at 3. Plaintiff asks to be allowed to serve defendants by (1) posting notice at the purported residence, (2) through certified mail, return receipt requested, or (3) through first-class mail. *Id.*

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 4(e)

Federal Rule of Civil Procedure 4(e)(1) provides, in relevant part, for service of process on a defendant residing within a judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e). Service under Texas state law is governed by Rule 106 of the Texas Rules of Civil Procedure, which allows service of process by:

> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a trust copy of the citation with a copy of the petition attached thereto.

TEX. R. CIV. P. 106(a). When personal service or certified mail prove to be unsuccessful, Texas Rule 106(b) permits plaintiffs to move for a substituted method of service, provided plaintiff meets two requirements. First, the rule requires an affidavit "stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." TEX. R. CIV. P. 106(b). Second, the movant is required to specifically state facts that show personal service or service via certified mail, return receipt requested, has been attempted. *Id.* The court must always be mindful that the ultimate purpose of the service of process rules is that reasonable notice of a lawsuit is mandatory to ensure the defendant may have the opportunity, guaranteed under due process, to defend against claims made by the plaintiff. *See, e.g.*, *Jones v. Flowers*, 547 U.S. 220, 220-221, 126 S. Ct. 1708 (2006); *Alvarez v. Alvarez*, 476 S.W.2d 353, 355 (Tex. Civ. App.—Corpus Christi 1972, no writ).

Texas courts require strict adherence to the requirements of Texas Rule 106(b), rejecting affidavits that failed to specify whether the address was defendant's usual place of abode or some other place where defendant could be found. *See Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757,

2

759 (Tex. App.–Dallas 1986, no writ) (citing *Smith v. Commercial Equip. Leasing Co.*, 678 S.W.2d 917, 918 (Tex. 1984) ("The settled rule in this state is that the manner of service must strictly comply with the rules.")). "Failure to affirmatively show strict compliance with the rules of civil procedure relating to the issuance, service, and return of citation will render the attempted service of process invalid and of no effect." *Id.* at 758. The court must ensure that every requirement under the law has been satisfied before a motion for substituted service of process can be granted.

**B. As Applied**

In the instant case, plaintiff argues that because standard attempts at personal service have been unsuccessful, the court should grant leave either to serve all defendants by (1) posting a notice at the residence, (2) using certified mail, return receipt requested, or (3) first-class mail. Dkt. 10 at 3. As a threshold matter, Texas Rule 106(a)(2) allows the use of certified mail, return receipt requested, as a matter of course. Leave of court is not required, and thus the motion is DENIED AS MOOT as it relates to service via certified mail, return receipt requested.

Plaintiff's motion for service via the other two requested methods—posting a notice at the residence, or first-class mail—fail because plaintiff has not properly supported its motion as required by Texas law. As noted earlier, the court must ensure strict compliance with the requirements of Texas Rule 106(b). *See Garrels*, 706 S.W.2d at 759. Plaintiff's claimed service attempts are not accompanied by an affidavit specifying whether the address is defendants' place of abode, business, or where defendants may probably be found. *See* Dkt. 10, Ex. A. Attached to the pending motion is a sworn return from the process server showing a total of four attempts made in December. *Id* Despite being a sworn document, the return does not state the nature of the address, as required under Texas Rule 106(b). *Id.* This very flaw in failing to specify the nature of the address in an affidavit was held defective by the *Garrels* court. 706 S.W.2d at 759. In fact, plaintiff discusses

3

three addresses in the pending motion but the court sees no mention, on the return, at which address service was attempted. *See* Dkt. 10. Plaintiff's unsworn motion claiming the 19309 Garden Quilt address is defendants' place of abode does not fulfill the requirement of an affidavit attesting to that belief. Plaintiff's motion to serve defendant by posting notice at the residence or via first-class mail must, therefore, be DENIED

### III. CONCLUSION

Pending before the court is plaintiff's motion to serve defendants via certified mail, a method allowed as a matter of course under Texas Rule 106(a)(2) without leave of court. Because leave is not required for this method of service, the motion is DENIED AS MOOT as it relates to service via certified mail, return receipt requested. And, as discussed above, plaintiff's motion to serve defendant by posting notice at purported residence or sending notice via first-class mail is not support by the required affidavit and must, therefore, be DENIED.

It is so ORDERED.

Signed at Houston, Texas on January 19, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY